**LITTLER MENDELSON, P.C.**
A Professional Corporation
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant,
Archstone Communities, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMY REED,<br><br>      Plaintiff,<br><br>-against-<br><br>ARCHSTONE COMMUNITIES, LLC.,<br><br>      Defendant. | Civil Action No: 1:13-cv-03201-RWS<br><br>**DEFENDANT ARCHSTONE COMMUNITIES, LLC'S ANSWER** |

Defendant Archstone Communities, LLC ("Defendant" or "Archstone") responds to the allegations in the Complaint of Plaintiff Tammy Reed ("Plaintiff" or "Reed") as follows:

  1.  Defendant admits that the Complaint purports to assert an action for damages in excess of $25,000.  Defendant denies that there is any validity to this action and any remaining allegations in paragraph 1 of the Complaint.

  2.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

  3.  Defendant denies that it engaged in any unlawful acts as alleged in the Complaint and denies any remaining allegations in paragraph 3 of the Complaint.

  4.  Defendant admits that it is subject to the federal Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 *et seq.*  Defendant denies any remaining allegations in paragraph 4 of the Complaint.

5. Defendant admits that the Complaint in this matter purports to assert claims under the FMLA and seeks damages for lost wages, lost benefits, and liquidated damages. Defendant denies that there is any validity to these claims or that Plaintiff is entitled to any damages whatsoever. Defendant denies any remaining allegations in paragraph 5 of the Complaint.

6. Defendant admits that it is authorized to and does conduct business in the State of New York, including New York County. Defendant lacks knowledge or information as to what Plaintiff considers "substantial" and denies the remaining allegations in paragraph 6 of the Complaint.

7. Defendant neither admits nor denies the allegations in paragraph 7 of the Complaint as they are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that it is subject to the FMLA. Defendant denies any remaining allegations in paragraph 7 of the Complaint.

8. Defendant neither admits nor denies the allegations in paragraph 8 of the Complaint as they are legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that on September 18, 2012 Plaintiff was eligible to receive 12 weeks of FMLA leave, which she received and which expired on December 10, 2012. Defendant denies any remaining allegations in paragraph 8 of the Complaint.

9. Admitted, except to state that Plaintiff's position was Affordable Program Administrator.

10. Denied.

11. Defendant admits that the information submitted by Plaintiff's doctor indicated that Plaintiff sustained a left wrist fracture on August 23, 2012 and that she subsequently underwent a surgery on September 18, 2010. Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

12. Defendant admits that on September 14, 2012 Plaintiff notified it of her need to take FMLA leave, which was subsequently granted. Defendant further admits that Plaintiff's FMLA leave expired on December 10, 2012. Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13. Defendant admits that on November 28, 2012 Plaintiff's doctor faxed to Tanya Bedan ("Bedan"), an Archstone Benefits Specialist, a Certificate of Professional Care, stating that Plaintiff was unable to return to work at that time and that her doctor was seeing Plaintiff again on December 21, 2012 at which time he would advise on her return to work status. Defendant further admits that on November 28, 2012 Bedan spoke with Plaintiff and placed Plaintiff on an "Extended Medical Leave of Absence" ("EMLA") in accordance with Defendant's policy. Defendant denies any remaining allegations in paragraph 13 of the Complaint.

14. Defendant admits that on December 26, 2012 Plaintiff's doctor faxed to Bedan a Certification of Fitness for Duty, stating that Plaintiff may return to work on January 2, 2013. Defendant denies any remaining allegations in paragraph 14 of the Complaint.

15. Denied.

16. Defendant admits that while Plaintiff was out on her various leaves and until February 27, 2013, Cameron Hunter filled Plaintiff's job responsibilities. Defendant denies the remaining allegations in paragraph 16 of the Complaint.

17. Denied.

18. Denied.

19. Denied.

To the extent that the Prayer for Relief (Wherefore Clause) contains any factual allegations that require a response, Defendant denies them.  Defendant specifically denies that Plaintiff is entitled to any damages whatsoever, including but not limited to damages for unpaid wages, salary, employment benefits, liquidated damages, attorneys' fees, costs, and interest as well as any other form of relief.

## DEFENSES

### FIRST DEFENSE

The Complaint is barred, in whole or in part, for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to state a claim upon which an award of liquidated damages may be granted.

### THIRD DEFENSE

The Complaint fails to state a claim upon which an award of attorney's fees may be granted.

### FOURTH DEFENSE

Plaintiff's claims, or the damages she may recover, are barred or at least reduced by her failure to mitigate her alleged damages.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver and/or unclean hands.

## SIXTH DEFENSE

Plaintiff's claims and/or damages are barred, in whole or in part, by the after-acquired evidence doctrine.

## SEVENTH DEFENSE

Defendant employed Plaintiff on an at-will basis, and therefore, could terminate her employment at any time, with or without notice, and with or without cause.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant relied upon legitimate, non-discriminatory/non-retaliatory business factors in making decisions concerning Plaintiff's employment, and such decisions were made in good faith and justified.

## NINTH DEFENSE

Any alleged failure by Defendant to perform obligations toward Plaintiff resulted from Plaintiff's failure to perform her employment obligations, which performance was a condition precedent to and concurrent with the performance by Defendant of its obligations.

## TENTH DEFENSE

Plaintiff's claims in this matter are covered by a mandatory arbitration program, which she voluntarily and knowingly agreed to during her employment with Defendant.

## ELEVENTH DEFENSE

At all relevant times, Defendant acted in good faith and in accordance with the FMLA.

## TWELFTH DEFENSE

Defendant complied with the applicable provisions of the FMLA and Plaintiff received 12 weeks of FMLA leave. Plaintiff did not return to work on or before the expiration of her FMLA leave.

WHEREFORE, Defendant demands judgment dismissing the Complaint and awarding Defendant costs and disbursements, including reasonable attorney's fees, and such other, further and different relief as the Court may deem just and proper.

Dated: May 17, 2013
      Newark, New Jersey

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant,
Archstone Communities, LLC

By: *s/ Ivan R. Novich*
    Ivan R. Novich (IRN-5917)
    One Newark Center – 8th Floor
    Newark, New Jersey  07102
    Telephone: 973.848.4700

## CERTIFICATE OF SERVICE

I certify that on this date, I caused a copy of the attached Defendant's Answer to be served on plaintiff's counsel via ECF and First-Class Mail to Stewart Lee Karlin, Esq., 9 Murray Street, Suite 4W, New York, New York 10007.

*s/ Ivan R. Novich*
Ivan R. Novich

Dated: May 17, 2013
Newark, New Jersey

Firmwide:120326561.1 051124.1028